

RECEIVED
MAR 15 2012
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE | * | |
| | * | |
| DANA ANDREW PAUL, ESQ. | * | Miscellaneous Case No. 11-0397 |
| | | (DISCIPLINARY) |
| | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Dana Andrew Paul is a member of the bar of this Court. On October 21, 2011, the Court of Appeals of Maryland issued its Opinion in <u>Attorney Grievance Commission of Maryland v. Dana Andrew Paul</u>, which resulted in Mr. Paul receiving a public reprimand. Following its review of the underlying materials and the Court of Appeals Majority Opinion and dissent decision, and upon recommendation of its Disciplinary & Admissions Committee, pursuant to Local Rule 705.3(d)(iv), the Court imposes a ninety (90) day suspension upon Mr. Paul.

The essence of the underlying action is that in a state court proceeding Mr. Paul submitted a document to a court which was substantially altered. Mr. Paul and opposing counsel had agreed upon the submission of a stipulation of dismissal. Mr. Paul provided a draft stipulation to opposing counsel, who then made various changes and returned the modified stipulation to Mr. Paul for filing.

Before doing so, however, Mr. Paul "cut and pasted" opposing counsel's signature from one version onto a second red-lined version which had not been approved. While it is clear that this alteration did not cause prejudice to the parties, it was nonetheless an intentionally forged

and filed document. In the proceedings before the Maryland courts, Bar Counsel recommended that Mr. Paul be suspended from the practice of law for ninety (90) days, whereas the Court of Appeals ordered a public reprimand. This Court believes that Bar Counsel's recommendation to be more appropriate than a reprimand.

Our Local Rule 705.3(d)(iv) states as follows:

> The Court shall impose the identical action imposed by the other court unless the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline or injunction in another jurisdiction is predicated it clearly appears:…
>
> (iv) that the misconduct is deemed by this Court to warrant substantially different discipline or injunctive action.

The Court finds that the majority and dissenting opinions of the Court of Appeals adequately provide the "record upon which . . . substantially different discipline" can be imposed.

Mr. Paul filed a Response to this Court's Order of November 7, 2011 that he show cause why this Court should not impose identical, greater or lesser discipline as that imposed by the Maryland Court of Appeals. By letter dated January 12, 2012, the Disciplinary & Admissions Committee advised Mr. Paul that it would be recommending to the Full Bench a ninety (90) day suspension from practice. He was provided an opportunity to be heard if he wished to do so in writing within a twenty (20) day period. Mr. Paul did not submit a further statement.

Accordingly, the Court imposes a ninety (90) day suspension upon Mr. Paul, effective immediately. Following the period of suspension, Respondent shall be reinstated upon filing with the Court an affidavit of compliance with the provisions of this Order. *See* Local Rule 705.4(a).

SO ORDERED this _15th_ day of March, 2012.

_____
DEBORAH K. CHASANOW, CHIEF JUDGE
UNITED STATES DISTRICT COURT